WESTERN & ATLANTIC RAILROAD *vs.* MEIGS.

CASE FROM CITY COURT OF ATLANTA.   Railroads. Damages. Negligence. Charge of Court. Evidence. Husband and Wife. Words and Phrases. Verdict. Practice in Supreme Court. (Before Judge Dorsey.)

[Jackson, C. J , being disqualified, Judge Lumpkin, of the Northern Circuit, presided in his stead.]

Lumpkin, J.—1. On the trial of a case brought by a widow against a railroad company to recover damages for the homicide of her husband, testimony to prove that the public had been constantly in the habit of walking on the tracks of the defendant's road, at and near the place where the killing occurred, though it was neither a crossing nor other

such place as the public had a right to be, was properly admitted.

2. Where one is killed by a locomotive in an incorporate city, ordinances of that city, requiring railroad companies to keep flagmen at certain street crossings and regulating the rate of speed at which trains shall pass such crossings, were properly admitted in testimony, when, in connection with other testimony, they bore on the question of the company's negligence at the place of the killing.

3. A request to charge that a railroad company was not liable for an injury to a trespasser upon its track, caused by an engine, unless it was shown that the acts of the company's servants in charge of the engine were wanton and malicious, or there was such gross negligence on their part as was tantamount to wilfulness, was rightly refused. In such cases the said servants are required to use a degree of care which amounts to more than the mere absence of wantonness, malice or reckless disregard of another's safety.

4. The act approved August 27, 1879, entitled "An act to alter and amend section 2970 of the Code," repealed that entire section.

5. The amount of damages to which a widow is entitled from a railroad company for the homicide of her husband should not be reduced by any insurance on his life received by her.

6. It is not error for the court to instruct the jury upon the doctrine of contributory negligence and apportionment of damages in a case where the jury would be authorized, under the testimony, to find that both parties were at fault in occasioning the injury for which the action was brought.

7. After explaining to the jury the issues made by the pleadings, it is not error for the court to say the pleadings are not evidence, and what is stated in them is not to be considered by the jury as evidence. On the other hand, this is an entirely proper instruction.

8. On the trial of an action for damages, it is not error for the court to state to the jury he uses the word " negligence" in the sense of "carelessness" in his charge to them, especially when the charge contains full and accurate explanations of all the legal degrees of diligence and negligence.

9. Whether or not a verdict is contrary to a specified charge of the court, depends upon the testimony applicable to the question to which the charge relates; and if that testimony is conflicting, and the jury believe the witnesses of one party, it does not follow that at the instance of the other party, the verdict should be set aside as contrary to such charge.

10. This court will not review the verdict of a jury, or pass on the question whether it was or was not contrary to the evidence, when

there was no motion for a new trial in the court below.

Judgment affirmed.

Julius L. Brown, for plaintiff in error.

Hopkins & Glenn, for defendants.